# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TAMMIKA S. RICHARDSON,
      Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
      Agency.

DOCKET NUMBER
AT-0714-21-0109-C-1

DATE:  May 15, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Jacqueline Turk-Jerido, Tuskegee Institute, Alabama, for the appellant.

Teri Walker, Esquire, and Sophia Haynes, Esquire, Decatur, Georgia,
   for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement.  For the reasons discussed below, we GRANT the appellant's petition for review and REVERSE the compliance initial decision.  We FIND that the agency is in noncompliance with

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the Board's March 26, 2024 Final Order, and we REFER the petition for enforcement to the Board's Office of General Counsel to obtain compliance and for issuance of a final decision. *See* 5 C.F.R. § 1201.183(c). We also FORWARD the appellant's request for damages to the Atlanta Regional Office for docketing as a new addendum proceeding.

## BACKGROUND

On March 26, 2024, the Board reversed the appellant's removal as contrary to law because 38 U.S.C. § 714 did not cover the appellant's GS-5 Nursing Assistant position. *Richardson v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-21-0109-I-1, Final Order, ¶¶ 5-12 (Mar. 26, 2024). In pertinent part, the Board ordered the agency to cancel the removal action and retroactively restore the appellant to her GS-5 Nursing Assistant position, effective November 20, 2020, no later than 20 days after the date of its decision. *Id.*, ¶ 15. The Board also ordered the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's (OPM's) regulations, no later than 60 calendar days after the date of its decision. *Id.*, ¶ 16.

On June 10, 2024, the appellant filed a petition for enforcement, which stated that she was returned to her GS-5 Nursing Assistant position but that the agency did not make any other efforts to comply with the Board's order or make her "whole." *Richardson v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-21-0109-C-1, Compliance File (CF), Tab 1 at 5. The administrative judge issued an Acknowledgment Order and, when the agency did not respond, he issued a Second Order to Respond. CF, Tabs 2-3. The agency's response asked the Board to dismiss the appeal for lack of jurisdiction, and it was not responsive to the compliance issues raised in this appeal. CF, Tab 4. On July 19, 2024, the administrative judge issued an Order to Show Cause, noting that the agency's response was "considerably late" and "woefully inadequate," and ordering it to

provide evidence of compliance. CF, Tab 5 at 1. In its response, the agency stated that it restored the appellant to her GS-5 Nursing Assistant position on April 11, 2024, and it submitted back pay documentation on May 26, 2024. CF, Tab 6 at 4, 6-7. On August 13, 2024, the administrative judge issued a compliance initial decision, in which he denied the petition for enforcement. CF, Tab 7. In pertinent part, the administrative judge noted that the agency's evidence was "late and less than fulsome," but he found that it was more likely than not that the agency—at that point in time—was in substantial compliance with the Board's Final Order. *Id.* at 2-3.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. In her petition, the appellant asserts that she has not received any back pay and none of her leave has been restored. PFR File, Tab 1 at 7. In its response, the agency states that back pay must be processed through the Defense Finance Accounting Service (DFAS) and it already submitted documentation to DFAS. PFR File, Tab 3 at 5.

Due to the passage of time since the appellant filed her petition for review, it was not clear if the appellant still contended that the agency remained in noncompliance with the Board's March 26, 2024 Final Order. PFR File, Tab 4 at 2. Therefore, on June 13, 2025, the Board issued an Order in which it directed the appellant to submit to the Office of the Clerk of the Board, within 10 days, evidence and argument that the agency was not in compliance with the Board's March 26, 2024 Final Order. *Id.* The Board also directed the agency to file a response within 10 days of the appellant's submission. *Id.* The Board specifically stated in this Order that, if the agency did not respond to the appellant's submission, the Board may accept the appellant's allegations as true. *Id.*

In her response,[2] the appellant states that her gross annual salary was approximately $45,000, the agency paid her $72,000 in late 2024, and a portion of her annual leave was restored. PFR File, Tab 5 at 5. She also asserts that she has not received a breakdown of how she was paid, to include interest, and she has not received the full amount of annual leave, sick leave, cost of living increases, step increases, and/or special awards. *Id.* She also states that she requested information from the agency's human resources staff on numerous occasions in 2024 and 2025, and she included such correspondence with her response. *Id.* at 5, 7-16. The agency has not filed a response to the appellant's submission.

## ANALYSIS

The Board has the authority to enforce compliance with its decisions and orders. 5 U.S.C. § 1204(a)(2); *King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 20 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006). The agency has the burden to prove compliance with a final Board order. *Chavez v. Office of Personnel Management*, 115 M.S.P.R. 496, ¶ 6 (2011); 5 C.F.R. § 1201.183(d). The agency

---

[2] The appellant filed her response on June 25, 2025, which was 12 days after the Board's Order was issued, and it was therefore untimely. To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file the pleading. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Here, the length of the delay—2 days—was minimal. *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1582 (Fed. Cir. 1994). The appellant's submission reflects that it was dated June 23, 2025, the day it was due. PFR File, Tab 5 at 5. The appellant's representative asserts therein that she was unable to submit the pleading using the "portal," which we understand to mean e-Appeal. *Id.* at 2-3. Moreover, the submission itself shows that she attempted to fax this submission to the Atlanta Regional Office, and she emailed it to the parties, on the day that it was due. *Id.* at 2-4. Under the circumstances, we find that there was good cause for the brief delay in filing her response.

can meet this burden by producing relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Chavez*, 115 M.S.P.R. 496, ¶ 6.

In pertinent part, the Board's March 26, 2024 Final Order ordered the agency to retroactively restore the appellant to the Nursing Assistant position, effective November 20, 2020, and pay her the correct amount of back pay, interest on back pay, and other benefits under OPM's regulations. Based on the appellant's response to the Board's June 13, 2025 Order, and the absence of any responsive information from the agency, we find that the agency is not in compliance with the Board's March 26, 2024 Final Order. *See, e.g.*, *Walker v. Department of the Army*, 90 M.S.P.R. 136, ¶ 13 (2001) (holding that satisfactory evidence of compliance with a back pay order must include an explanation of how the agency arrived at its figures and an accurate accounting of any deductions). Accordingly, we reverse the compliance initial decision.[3]

Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and depending on the nature of the submissions, an attorney or paralegal with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain

---

[3] In her petition for review, the appellant asks the Board to reconsider its denial of her request for consequential damages. PFR File, Tab 1 at 6. The administrative judge denied the appellant's request for damages as premature because there was no final decision in the underlying appeal. *Richardson v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-21-0109-P-1, Addendum Initial Decision (July 27, 2023). The appellant did not file a petition for review of this addendum initial decision. We construe the appellant's request in her petition for review as a request for damages, and we forward this request to the Atlanta Regional Office for docketing as a new addendum proceeding.

compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

## ORDER

We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance with the Board's March 26, 2024 Final Order. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(b)(1)(i), including submission of evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it retroactively restored the appellant to her GS-5 Nursing Assistant position, effective November 20, 2020, and it paid her the correct amount of back pay, interest on back pay, and other benefits under OPM's regulations, including restoration of leave. The agency's submission shall also provide an explanation of how it arrived at its figures and an accurate accounting of any deductions. The agency must serve all parties with copies of its submission.

The agency's submission should be filed under the new docket number assigned to this compliance referral matter, **MSPB Docket No. AT-0714-21-0109-X-1**. All subsequent filings should refer to the compliance referral docket number set forth above and should be filed with the Office of the Clerk of the Board. Pursuant to 5 C.F.R. § 1201.14(e)(5), (f), agency representatives and appellant attorney representatives must electronically file via e-Appeal, https://e-appeal.mspb.gov. Appellants are encouraged to electronically file via e-Appeal. Appellant submissions may also be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(b)(1)(i). **If the appellant does not respond to the agency's evidence of compliance within 20 days, the Board may assume that she is satisfied with the agency's actions and <u>dismiss</u> the petition for enforcement.**

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c)(1). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture or the Defense Finance and Accounting

Service, two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.

This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon the Board's final resolution of the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.
2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.